UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN J. BROWN,

Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS et al.,

Defendants.

Case No. 1:26-cv-812

Honorable Paul L. Maloney

# OPINION

This is a civil rights action brought under 42 U.S.C. § 1983 by a former state prisoner, who was incarcerated at the time that he initiated this action.[1] In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*,

[1] Because Plaintiff was incarcerated at the time that he filed this action on or about March 9, 2026 (*see* ECF No. 1, PageID.9), this action is subject to preliminary review under 28 U.S.C. § 1915A. *Burley v. Weller*, No. 1:22-CV-628, 2023 WL 21435, at *1 (W.D. Mich. Jan. 3, 2023); *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1282 (9th Cir. 2017) (holding that "28 U.S.C. § 1915A applies only to claims brought by individuals incarcerated at the time they file their complaints" (emphasis added)).

504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I. Factual Allegations**

Plaintiff is a former prisoner of the Michigan Department of Corrections (MDOC). The events about which he complains occurred while Plaintiff was confined at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County. Plaintiff sues the MDOC, MDOC Director Heidi E. Washington, and the following IBC staff in their official and personal capacities: Prison Counselor Unknown Houghton, Resident Unit Manager Unknown Battle, Assistant Deputy Warden B. Hadden, and Warden Matt Macauley.

Plaintiff alleges that, on December 6, 2022, he was incarcerated for violating the conditions of his parole. (Compl., ECF No. 1, PageID.3.) On January 13, 2023, a parole revocation hearing was held. (*Id.*) A mitigation hearing was later held on April 19, 2023. (*Id.*) Plaintiff's complaint makes clear that the Parole Board revoked Plaintiff's parole and Plaintiff was returned to the MDOC.

On July 19, 2023, while Plaintiff was incarcerated at IBC, Plaintiff was involved in an "altercation" and was sent to segregation. (*Id.*) While in segregation from July 19, 2023, until August 7, 2023, Plaintiff was without his legal, personal, and religious property. (*Id.*)

Plaintiff had 21 days, from July 6, 2023, until July 27, 2023, to file an appeal of his parole revocation. (*Id.*) From July 19, 2023, to August 7, 2023, Plaintiff requested his property from Defendants Houghton and Battle and non-parties Lieutenant Ramirez and Officer Russell. (*Id.*) Each refused to provide Plaintiff with his property. (*Id.*) Plaintiff claims that, as a result, he missed the deadline for appealing his parole revocation and was forced to forfeit his appeal. (*Id.*, PageID.6.)

Plaintiff first claims that the parole revocation decision was flawed because Plaintiff is hearing impaired and the MDOC communication procedures for hearing impaired individuals were not followed during the parole revocation process. (*Id.*, PageID.4.) During the parole revocation process, the hearing officer noted in the revocation report that Plaintiff is not hearing impaired; however, "if proper action was taken the hearing officer and [parole violation specialist] would [have] known [that Plaintiff was hearing impaired] through MDOC own documentation." (*Id.*)

Plaintiff next alleges that the parole board did not review accurate information in making its decision because the parole board considered a dismissed firearms violation in determining that Plaintiff posed a "high potential risk to the public." (*Id.*, PageID.5.)

Finally, Plaintiff claims that he did not have the opportunity to review the case notes entered by the field agent and the field agent did not appear before the parole board to clarify the inaccuracies within the notes. (*Id.*, PageID.6.)

Based on the foregoing allegations, Plaintiff avers that Defendants violated Plaintiff's right of access to the Courts. (*Id.*) Plaintiff seeks monetary relief. (*Id.*, PageID.7.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claims Against the MDOC

Plaintiff names the MDOC as a Defendant. However, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Courts have long held that the State of Michigan, acting through the MDOC, is not a "person" that may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) and holding that the MDOC is not a "person" for purposes of § 1983). For this reason alone, Plaintiff's complaint fails to state a § 1983 claim upon which relief may be granted against the MDOC.

**B. Official Capacity Claims**

Plaintiff sues Defendants in their official and personal capacities. (Compl., ECF No. 1, PageID.2.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, just as the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages, *see Lapides*, 535 U.S. at 617, Plaintiff may not seek monetary damages against Defendants in their official capacities. Therefore, the Court will also dismiss Plaintiff's official capacity claims.

**C. Defendants Washington, Hadden, and Macauley**

Plaintiff lists Defendants Washington, Hadden, and Macauley in his list of parties and provides their positions within the MDOC, but Plaintiff does not make any factual allegations against these Defendants within the body of the complaint. Where a person or entity is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

To the extent that Plaintiff seeks to hold Defendants Washington, Hadden, and Macauley liable in their supervisory roles, he may not do so. Government officials, such as Defendants Washington, Hadden, and Macauley, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active

unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff has not alleged facts that would demonstrate that Defendants Washington, Hadden, and Macauley knowingly authorized or acquiesced in the decision to deny Plaintiff his requested property. Accordingly, the Court will dismiss Plaintiff's claims against Defendants Washington, Hadden, and Macauley.

**D. First Amendment Access to the Courts Claims**

Plaintiff alleges that Defendants Houghton and Battle deprived him of his legal property while he was confined to segregation from July 19, 2023, to August 7, 2023. (Compl., ECF No. 1, PageID.5.) It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop*, 977 F.2d at 1009.

To state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead that the defendants' actions have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X*, 175 F.3d at 391 (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 415.

Plaintiff claims that he was deprived of the opportunity to pursue a meritorious appeal for three reasons: (1) he was not provided with proper accommodations under MDOC policy for hearing impaired prisoners (Compl., ECF No. 1, PageID.4); (2) the parole board considered a dismissed firearms charge in determining that Plaintiff posed a "high potential risk to the public" (*id.*, PageID.5), and (3) Plaintiff did not have the opportunity to review the case notes entered by the field agent and or require that the field agent appear before the parole board to clarify any inaccuracies within the notes (*id.*, PageID.6). However, these allegations do not plausibly suggest that Plaintiff was deprived of a nonfrivolous appeal. Most notably, Plaintiff acknowledges that he pleaded "no contest to a single parole violation with amended language in that the remaining parole violations will be dismissed." (*Id.*) Plaintiff does not challenge the validity of that plea.

Moreover, while Plaintiff claims that he was previously designated as hearing impaired by the MDOC, Plaintiff does not allege that he was unable to hear or understand the parole revocation proceedings or that he was otherwise prejudiced by any hearing impairment during those proceedings.

With respect to the dismissed firearms charge, it is well-established that a person may be found guilty of a parole violation even if criminal charges arising from the same conduct are dismissed prior to trial. *See United States v. Stephenson,* 928 F.2d 728, 732 (6th Cir.1991); *Taylor*

*v. United States Parole Commission,* 734 F.2d 1152, 1155 (6th Cir.1984). Plaintiff also does not provide the Court with any facts concerning the alleged "inaccuracies" within the field agent's reporting or plausibly suggest that, had Plaintiff been provided with the opportunity to cross-examine the field agent before the parole board, Plaintiff's parole would not have been revoked.

For all these reasons, Plaintiff fails to plead that the actions of Defendants Houghton and Battle hindered Plaintiff's efforts to pursue a nonfrivolous legal claim. *See Lewis*, 518 U.S. at 351–53. Therefore, the Court will dismiss Plaintiff's First Amendment claims concerning his right to access to the courts.

**E. Fourteenth Amendment Due Process Claims**

Plaintiff also claims that the Defendants Houghton and Battle deprived Plaintiff of his property while in segregation. The Court will liberally construe those allegations as raising claims for violation of Plaintiff's Fourteenth Amendment right to due process. However, any due process claim concerning the deprivation of property will be dismissed as barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

The Court notes that numerous state post-deprivation remedies are available to Plaintiff. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Nov. 13, 2023). Second, aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective May 20, 2024). And third, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state or any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a) (eff. Nov. 12, 2013). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480.

Here, Plaintiff does not claim that his state post-deprivation remedies are inadequate. Accordingly, the Court will dismiss Plaintiff's Fourteenth Amendment claims concerning the deprivation of his property.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the

"three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

A judgment consistent with this opinion will be entered.

Dated: September 4, 2026

/s Paul L. Maloney
Paul L. Maloney
United States District Judge